1

2

3                                                                          O

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10

11   PHYLLIS A. HALL,              )   Case No. CV 11-04282 DDP (RZx)
                                   )
12              Plaintiff,         )   **ORDER GRANTING DEFENDANTS' MOTION**
                                   )   **TO DISMISS PLAINTIFF'S COMPLAINT**
13       v.                        )   **AND DENYING DEFENDANTS' MOTION TO**
                                   )   **EXPUNGE LIS PENDENS**
14   AMERICAN HOME MORTGAGE        )
     SERVICING, INC., T.D.         )   [Docket Nos. 5 & 6]
15   SERVICE COMPANY, MORTGAGE     )
     ELECTRONIC REGISTRATION       )
16   SYSTEMS, INC. (MERS) as       )
     Beneficiary, all person       )
17   unknown claiming to have      )
     legal, equitable lien, and    )
18   estate at 3145 West 75th      )
     Street, Los Angeles, CA       )
19   90043 DOES 1 through 1000,    )
     Inclusive,                    )
20                                 )
                Defendants.        )
21   _____ )

22        Presently before the court are Defendants American Home

23   Mortgage Servicing, Inc. and Mortgage Electronic Registration

24   Systems, Inc.'s Motion to Dismiss Plaintiff's Complaint ("Motion to

25   Dismiss") and Motion to Expunge Lis Pendens ("Motion to Expunge").

26   Having reviewed the parties' moving papers, the court GRANTS the

27   Motion to Dismiss, Denies the Motion to Expunge, and adopts the

28   following Order.

## I.   BACKGROUND

On October 12, 2005, Plaintiff Phyllis A. Hall executed a $195,613 loan with American Home Mortgage to refinance her real property.  The loan was secured by a Deed of Trust, naming Financial Title Company as the trustee and Defendant Mortgage Electronic Registration Systems, Inc. ("MERS") as the beneficiary. On August 1, 2010, MERS assigned all beneficial interest under the Deed of Trust to Defendant American Home Mortgage Servicing, Inc. ("AHMSI").  AHMSI, in turn, substituted Power Default Services, Inc. ("PDS") as trustee, on August 12, 2010.  The next day, Defendant T.D. Service Company ("T.D.") recorded a Notice of Default on behalf of AHMSI, stating that Plaintiff then owed $24,423.45 on the loan.  Three months later, T.D. recorded a Notice of Trustee's Sale on behalf of PDS, informing Plaintiff that her property would be sold on December 6, 2010.  Apparently, the sale was then postponed, and had not yet occurred as of February 23, 2012.  (Mot. at 1-2; Decl. of David L. Chaffin in Supp. of Mot. to Dismiss, Proof of Service.)

On April 18, 2011, Plaintiff filed suit against Defendants in state court, based on alleged misconduct by Defendants throughout the loan origination, modification, and foreclosure process.  On May 18, 2011, Defendants MERS and AHMSI (collectively, "Moving Defendants") removed the action to federal court.  Moving Defendants then filed their Motion to Dismiss and Motion to Expunge, on May 25, 2011.  After various continuances due to scheduling and notice issues, Plaintiff filed Oppositions to the Motions on September 16, 2011, and Moving Defendants filed their Replies on September 26, 2011.

1  **II.   LEGAL STANDARD**

2       Pursuant to Federal Rule of Civil Procedure 12(b)(6), a

3  complaint is subject to dismissal when the plaintiff's allegations

4  fail to state a claim upon which relief can be granted.  When

5  considering a 12(b)(6) motion to dismiss for failure to state a

6  claim, "all allegations of material fact are accepted as true and

7  should be construed in the light most favorable to [the]

8  plaintiff."  <u>Resnick v. Hayes</u>, 213 F.3d 433, 447 (9th Cir. 2000).

9       In <u>Ashcroft v. Iqbal</u>, the Supreme Court explained that a court

10  considering a 12(b)(6) motion should first "identify[] pleadings

11  that, because they are no more than conclusions, are not entitled

12  to the assumption of truth."  129 S. Ct. 1937, 1950 (2009).  Next,

13  the court should identify the complaint's "well-pleaded factual

14  allegations, . . . assume their veracity and then determine whether

15  they plausibly give rise to an entitlement to relief."  <u>Id.</u>; <u>see</u>

16  <u>also</u> <u>Moss v. U.S. Secret Serv.</u>, 572 F.3d 962, 969 (9th Cir. 2009)

17  ("In sum, for a complaint to survive a motion to dismiss, the non-

18  conclusory factual content, and reasonable inferences from that

19  content, must be plausibly suggestive of a claim entitling the

20  plaintiff to relief."  (internal quotation marks omitted)).

21  **III. DISCUSSION**

22       Moving Defendants seek to dismiss Plaintiff's claims on a

23  number of grounds, including Plaintiff's failure to tender.

24  Plaintiff opposes the Motion to Dismiss and requests leave of the

25  court to amend her Complaint.

26  ///

27  ///

28

3

1    Plaintiff filed her initial Complaint in pro per.  The

2   Complaint is difficult to understand and provides few specific

3   facts.  Instead, it largely lists statutes and definitions, with

4   generalized and conclusory allegations.  The Complaint therefore

5   fails to meet the minimum pleading requirements of Rule 8 of the

6   Federal Rules of Civil Procedure.  See, e.g., Bell Atl. Corp. v.

7   Twombly, 550 U.S. 544, 553-55 (2007); Bautista v. L.A. County, 216

8   F.3d 837, 840 (9th Cir. 2000); Yamaguchi v. U.S. Dep't of the Air

9   Force, 109 F.3d 1475, 1481 (9th Cir. 1997).  To the extent

10  Plaintiff alleges fraud on the part of Defendants, she also fails

11  to meet the more stringent requirements of Rule 9(b).  See, e.g.,

12  Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003);

13  Cooper v. Pickett, 137 F.3d 616, 627 (9th Cir. 1997).  The court

14  therefore dismisses Plaintiff's Complaint on these grounds.

15    The court is not convinced, however, that all of Plaintiff's

16  claims - if properly plead - would fail as a matter of law.  For

17  instance, Plaintiff appears to allege that Defendants' entered into

18  but breached a forbearance agreement with her.  (Compl. ¶ 17; Opp'n

19  at 6.)  Depending on the specific facts, Plaintiff might thereby

20  make out a claim for relief that would not be subject to the tender

21  requirement.  See, e.g., Aceves v. U.S. Bank, N.A., 192 Cal. App.

22  4th 218, 225-31 (2011); Wolf v. Wells Fargo Bank, N.A., No.

23  C11-01337, 2011 WL 4831208 at *4, *7-10 (N.D. Cal. Oct. 12, 2011);

24  Park v. U.S. Bank Nat'l Ass'n, No. 10cv1546, 2011 WL 4102211 at *9-

25  12, *15 (S.D. Cal. Sept. 13, 2011); Esoimeme v. Wells Fargo Bank,

26  No. CIV S-10-2259, 2011 WL 3875881 at *12 (E.D. Cal. Sept. 1,

27  2011); Das v. WMC Mortgage Corp., No. C10-0650, 2010 WL 4393885 at

28  *2-3, *5-7 (N.D. Cal. Oct. 29, 2010); Del Valle v. Mortgage Bank of

1   Col., No. CV-F-09-1316, 2010 WL 1813505 at *6, *9 (E.D. Cal. May 5,

2   2010); Vissuet v. Indymac Mortgage Servs., No. 09-CV-2321, 2010 WL

3   1031013 at *4 (S.D. Cal. March 19, 2010); Yamamoto v. Bank of N.Y.,

4   329 F.3d 1167, 1171 (9th Cir. 2003).

5        Accordingly, it is not clear that Plaintiff is unable to cure

6   the deficiencies in her Complaint - especially given that Plaintiff

7   now appears to be represented by counsel, who filed Oppositions to

8   the Moving Defendants' two Motions.  See Hubbard v. Bank of Am.,

9   No. 10-3094, 2011 WL 2470021 (D. Or. Apr. 21, 2011) ("A pro se

10  litigant should be given leave to amend his complaint unless it is

11  absolutely clear that no amendment could cure the deficiencies of

12  the complaint." (citing Lopez v. Smith, 203 F.3d 1122, 1130-31

13  (9th Cir. 2000) (en banc); Barrett v. Belleque, 544 F.3d 1060,

14  1061-62 (9th Cir. 2008) (per curiam)).

15       The court reminds Plaintiff and her counsel, however, that

16  opportunities to amend are not limitless, and that the court will

17  not sift through statutory recitations and general allegations.

18  Plaintiff must allege specific facts sufficient to make out a claim

19  for relief, bearing in mind the legal defenses raised by

20  Defendants, which often preclude many foreclosure-related claims

21  and relief.

22  **III. CONCLUSION**

23       For the foregoing reasons, the court GRANTS Moving Defendants'

24  Motion to Dismiss without prejudice.  Plaintiff shall file a first

25  amended complaint within 20 days of the date of this order.  The

26  ///

27  ///

28

court also DENIES Moving Defendants' Motion to Expunge without prejudice.

IT IS SO ORDERED.

Dated: April 3, 2012

DEAN D. PREGERSON
United States District Judge